

2017 JUN 21 AM 9:23

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GAIL HART, *et al.*, | ) CASE NO. 1:15 CV 10000 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| HONEYWELL INTERNATIONAL, INC., *et al.*, | ) |
| Defendants. | ) <u>MEMORANDUM OPINION</u> <br> ) <u>AND ORDER</u> |

This matter is before the Court on Plaintiffs' Motion for Reconsideration of the Court's April 4, 2017 Order on Defendants' Motions for Summary Judgment. (ECF #115). Plaintiffs seek to reverse the Court's prior decision dismissing their claim for wrongful death, and dismissing Defendants Genuine Parts Company and Pneumo Abex LLC. Defendants Genuine Parts Company, Pneumo Abex LLC, and Ford Motor Company filed Briefs in Opposition to the Plaintiffs' Motion. (ECF #117, 118, 119). Having considered all relevant arguments and information, and for the reasons that follow, Plaintiffs' motion is hereby GRANTED in part and DENIED in part.

First, with regard to Plaintiffs' request to reinstate their wrongful death claim under Count 9, the Court finds as follows. Count Nine of the Amended Complaint asserted a wrongful death claim without mention of or reference to any statute. Based on the manner of pleading the Court found that Plaintiffs had asserted a common law claim for wrongful death which could not be sustained pursuant to Ohio Revised Code §2307.71(B). Further, as indicated by Defendant Ford in its Opposition, the Ohio Supreme Court has held that a wrongful death claim does not state a good cause of action unless it is pled "strictly according to the essential terms of the wrongful-death act." *Sabol v. Pekoc*, 148 Ohio St. 545, 552, 76 N.E.2d 84, 88 (1947). The Court maintains that Plaintiffs, when attempting to raise a statutory claim, should be required, at a minimum, to cite the statute under which the claim is raised. *See, e.g., Donley v. Pinnacle Foods Group, LLC*, 2009 U.S. Dist. LEXIS 120503; *Miller v. Alza Corp.*, 759 F.Supp.2d 929). However, considering the parties failure to specifically request dismissal of this claim in their original Summary Judgment motions, and in order to prevent manifest unjustice to the Plaintiffs in this case, the Court will reconsider its dismissal of the wrongful death claim and allow that claim to proceed under Ohio Revised Code §2125. Therefore, Count Nine of the Amended Complaint is hereby reinstated.

Reconsideration of the dismissal of Defendants Genuine Parts Company and Pneumo Abex LLC, however, is not warranted. Plaintiffs have presented no new evidence, and there has been no intervening change in controlling law. The Court considered all of the arguments raised in Plaintiffs' motion in connection with the original Motions for Summary Judgment and found them unconvincing. For the reasons set forth in the Court's prior Order (ECF #112), Plaintiffs have failed to present sufficient evidence to support their claim that Mr. Coykendall was

exposed to asbestos from Rayloc brake products, let alone that any such exposure was a substantial factor in causing his illness. Any evidence presented that Mr. Coykendall purchased, installed or maintained NAPA branded brakes is insufficient to prove that those NAPA branded brakes were actually manufactured or supplied by these Defendants, or that they had asbestos-containing components. Plaintiffs' Motion for Reconsideration of the dismissal of Defendants Genuine Parts Company and Pneumo Abex LLC is, therefore, DENIED. IT IS SO ORDERED.

Donald C. Nugent
United Stated District Judge

Date: June 21, 2017